THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAUREN NORBERT, individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.              ) | CIV-20-968-R |
| ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF LINCOLN ) | |
| COUNTY, ET AL.,       ) | |
| ) | |
| Defendant.     ) ! | |

# ORDER

Defendant Board of County Commissioners filed a Motion to Dismiss directed to Plaintiff's Third Cause of Action wherein she sought relief from the Board for violation of her civil rights. (Doc. No. 10). In response to the Motion to Dismiss Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice (Doc. No. 15) purporting to dismiss this claim, whereby she sought to impose municipal liability. (Doc. No. 10).

Although not cited by Plaintiff, the Court presumes she intended to rely on Rule 41 of the Federal Rules of Civil Procedure. However, Rule 41 does not apply to the dismissal of less than all claims in an action. *Gobbo Farms & Orchards v. Poole Chemical Co.,* 81 F.3d 122, 123 (10th Cir. 1996). Instead, amendment via Rule 15 is the proper procedure for voluntarily dismissing some, but not all, claims. *See Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (treating a dismissal, purportedly brought under Rule 41, of a single claim as an amendment of the complaint); *Klay v. United Health Group, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("'A plaintiff wishing to eliminate particular

claims . . . from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)(2).'" (citations omitted)). Rather than requiring Plaintiff to amend, the Court hereby construes the notice as a motion to amend and DEEMS the Complaint amended to omit the Third Cause of Action. Defendant Board's Motion to Dismiss is **DENIED AS MOOT**.

    **IT IS SO ORDERED** this 30th day of November 2020.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE